UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                    No. 16-CR-0269-LTS

CRAIG L. SWEAT,

       Defendant.

-------------------------------------------------------x

## ORDER

Defendant Craig L. Sweat has moved for early termination of his supervised release term. (Docket Entry No. 6.) Mr. Sweat was found guilty of engaging in a continual criminal enterprise in violation of 21 U.S.C. § 848(a) and (c) and was sentenced principally to 262 months of imprisonment, to be followed by a 60-month supervised release term. (Docket Entry No. 2.) Mr. Sweat's supervised release commenced on April 25, 2016. To date, Mr. Sweat has served 45 months of his supervised release term. Both the Government and the Probation Department oppose Mr. Sweat's motion. (Docket Entry No. 8.[1]) The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Sweat's motion is denied.

Section 3583 provides that the Court may, after considering the factors set forth in Section 3553(a) of Title 18 of the United States Code, "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C.S. §

---

[1]     The Probation Department's December 16, 2019, response was served on defense counsel and has been filed under seal.

3583(e)(1) (LexisNexis 2019).  "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  However, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."  U.S. v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (internal quotation marks omitted).

    Mr. Sweat has moved for early termination of his supervised release term on the grounds that he has "honored every condition of his release for the past nearly 42 months," and that he is gainfully employed and has stable housing.  (Docket Entry No. 6.)  Mr. Sweat's supervised release period has indeed been without incident.  However, Mr. Sweat committed the present offense less than two years after release from state custody, and while on probation for a drug-related state crime.  Mr. Sweat was also arrested for and convicted of another drug crime before being arrested for the present crime.  Further, Mr. Sweat played a significant role in committing the crime for which he is currently serving a supervised release period—he was a manager in a drug trafficking organization that distributed dangerous drugs in the Northern District of New York.

    While the Court commends Mr. Sweat for his substantial compliance with the terms of his supervised release, and for making positive contributions to his community, the Court finds that Mr. Sweat has not identified extraordinary conduct or unforeseen harsh circumstances that warrant early termination of his supervised release.  Even though Mr. Sweat's post-incarceration conduct is "unblemished," "this alone cannot be sufficient reason to terminate

the supervised release." U.S. v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).  After all, "full compliance with the terms of supervised release is what is expected of him and all others serving terms of imprisonment and supervised release and does not warrant early termination." U.S. v. Rasco, No. 88 Crim. 817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).

The Court, having considered the factors set forth in both the Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(c), and in 18 U.S.C. § 3553(a), and Mr. Sweat's prior criminal history, which includes a managerial or supervisory role in an organization that distributed large quantities of drugs, concludes that early termination of Mr. Sweat's supervised release is not in the interest of justice because of the ongoing needs for protection of the public and further promotion of respect for the law.  Therefore, Mr. Sweat's motion for early termination is denied.  Because the Court is not modifying the terms of Mr. Sweat's supervised release, the Court is not required to hold a hearing.  Fed. R. Crim. P. 32.1(c)(2)(A); see also 18 U.S.C. § 3583(e)(1) (supervised release may be terminated "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation"); Karacsonyi v. U.S., 152 F.3d 918 (2d Cir. 1998) (finding that, because defendant's "term of supervised release was not modified," Rule 32.1 "did not call for a hearing").

Docket Entry No. 6 is resolved.

SO ORDERED.

Dated: New York, New York
      February 4, 2020

       /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge